STATE v. MARSHALL D. HAY AND RICHARD LEE ANTHONY.

(Filed 19 December, 1966.)

**Constitutional Law § 33;    Criminal Law § 77—**

Where photostats of medical records have been obtained under order of the court, further order of the court directing the clerk to turn over to the solicitor such photostatic copies may not be staid on petition of the custodian of the records when the order stipulates that such records should not be used against the custodian in any prosecution against him. The defendants, although given notice, did not appear at the hearing and did not challenge the order of the court.

PER CURIAM.   John William Baluss, through his Attorney, Barry T. Winston, has filed in this Court a petition to stay the execution

of an order entered on December 10, 1966, by Special Superior Court Judge Latham in the Superior Court of Orange County. Judge Latham's order directed the Clerk Superior Court to turn over to the Solicitor of District 10-A photostatic copies of petitioner's medical records made in the University of North Carolina Infirmary by Dr. Joseph L. DeWalt. The photostats were obtained by the Sheriff pursuant to an order entered by Judge Latham on November 22, 1966, based on affidavits that the above medical records "are in danger of being destroyed." The order directed the Sheriff to have photostatic copies made of the records which contained statements made by Hay and Anthony and deliver them to the Clerk Superior Court of Orange County. That order has already been executed.

At the November Session, 1966, Orange Superior Court, Hay and Anthony were indicted for having in possession hypodermic syringe for use in administering "stimulant drugs." Judge Latham held a hearing in Graham on December 10, 1966, at which Cooper, Solicitor, and Winston, Attorney for Baluss, stipulated "(a) the records sought to be examined by the State were the medical records of Mr. John Baluss." The records contained statements by Baluss involving the defendants Hay and Anthony. The order contains the following:

"That the portions of said records desired to be examined by the Solicitor are the statements of Marshall D. Hay and Richard Lee Anthony. . . . That .......... Hay and .. ..... Anthony, through their attorney have knowledge of this hearing and have not appeared, . . . and have not objected to said examination by the State."

"9.  That nothing in said records shall be used in any prosecution by the State of North Carolina against the said John Baluss, to which conclusion the State, through its Solicitor, agrees."

In reply to a question by the Solicitor, Attorney Winston stated that he is making a special appearance and moving to dismiss the order on behalf of his client, John Baluss. However, he admitted that he also represents Hay and Anthony.

From the foregoing it appears the photostats of the Baluss medical records cannot be used in any court against Baluss (this by stipulation and agreement). The Solicitor has seen the photostats, perhaps has them now. The court's order appears to protect Baluss from any use of the records against him. If and when the Solicitor or State attempts to use the Baluss records in any manner prejudicial to Baluss, or in violation of the stipulation, he will have opportunity to be heard. Hay and Anthony do not challenge the order.

Baluss does not show any cause which entitles him to challenge it. His petition to stay its execution is dismissed.

Petition dismissed.